# GEAUGA COUNTY
# COURT OF COMMON PLEAS
## DENISE M. KAMINSKI, CLERK OF COURTS
## COURTHOUSE - 100 SHORT COURT – SUITE 300
## CHARDON, OH 44024

## SUMMONS

CERTIFIED MAIL
JUDGE CAROLYN J PASCHKE
CASE NUMBER: **20M000547**

PLAINTIFF(S):
    RAMUTIS GUNTRAM KIPARSKIS
    17750 GAR HWY
    MONTVILLE, OH 44064

VS

DEFENDANT(S):
    ENVIROTEST SYSTEMS CORP
    VIA REGISTERED AGENT
    CORPORATION SERVICE COMPANY
    50 WEST BROAD STREET SUITE 1330
    COLUMBUS, OH 43215

E-FILED

TO THE ABOVE NAMED DEFENDANT:
    You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.
    You are required to serve upon the plaintiff's attorney, or upon the plaintiff(s) if one has no attorney of record, a copy of your answer to the complaint within 28 days after said service of this summons upon you, exclusive of the day of service. Said answer must be filed with this court within three days after service on Plaintiff's Attorney.

The name and address of the plaintiff's attorney is as follows:

BRADLEY LEVINE
VOUDRIS LAW
8401 CHAGRIN RD SUITE 8
CHAGRIN FALLS, OH 44023

    If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

DENISE M KAMINSKI, CLERK OF COURT

*Chloe Porter*
_____
CHLOE PORTER, DEPUTY CLERK

Dated 10/1/2020



# DENISE M. KAMINSKI
## Geauga County Clerk of Courts

*Legal Office*  
*100 Short Court Ste. 300*  
*Chardon, Ohio 44024*

*Title Office*  
*470 Center St. Bldg. 8*  
*Chardon, Ohio 44024*

We are now processing all **ADMINISTRATIVE APPEAL, CIVIL, FORECLOSURE, TORT & WORKERS COMPENSATION** cases electronically.

All filings (new or subsequent) on these case types must be filed electronically.

We will accommodate pro-se litigants without computer access.

To eFile use:

web.geaugacourts.org/eservicesCP

Legal Office Direct (440) 279-1960  
Title Office Direct (440) 279-1750  
www.geaugacourts.org

GEAUGA COUNTY CLERK OF COURTS Case: 20M000547, eFile ID: 38375,
FILED: PASCHKE, CAROLYN J 09/04/2020 11:39 AM

IN THE COURT OF COMMON PLEAS
GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| RAMUTIS GUNTRAM KIPARSKIS<br>17750 G.A.R. Hwy.<br>Montville, OH 44064<br><br>      Plaintiff,<br><br>v.<br><br>ENVIROTEST SYSTEMS CORP.<br>2180 Pinnacle Pkwy.<br>Twinsburg, OH 44087<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT FOR RETALIATION IN VIOLATION OF THE OHIO WHISTLEBLOWER ACT, WRONGFUL DISCHARGE, NEGLIGENT TRAINING RETENTION & SUPERVISION, AND DAMAGES FOR A CRIMINAL ACT**<br><br>**<u>JURY DEMAND ENDORSED HEREON</u>** |

Plaintiff Ramutis Guntram Kiparskis ("Plaintiff") alleges as follows for his Complaint against Defendant Envirotest Systems Corp. ("Defendant"):

    1. Plaintiff worked for Defendant under the name "Guntram Von Kiparski."

    2. Plaintiff legally changed his name to "Ramutus Guntram Kiparskis" on August 25, 2020.

    3. Defendant is a foreign corporation, doing business in Geauga County, Ohio.

    4. Defendant's Ohio principal place of business is in Twinsburg, Ohio.

    5. Dino Righi ("Righi") is the General Manager at Defendant and he supervised Plaintiff.

    6. Jane Pickett ("Pickett") is the Quality Control Supervisor/District Manager at Defendant and she supervised Plaintiff.

7. Defendant was an employer of Plaintiff.

8. Defendant employed Plaintiff as RSD Operator II in Geauga County, Ohio.

9. Defendant facilitates vehicle emissions testing at e-check stations in Ohio.

10. In April 2019, Plaintiff met with Righi. During this meeting, Righi asked if Plaintiff had any concerns about Defendant. Plaintiff orally complained to Righi that the ventilation at e-check stations was not sufficient to protect employees from dangerous carbon monoxide emissions.

11. In June 2019, Tiffany Leavy ("Leavy"), an Assistant Station Manager, died.

12. Plaintiff reasonably believed that Leavy had died from complications due to her asthma after breathing unsafe carbon monoxide emissions at Defendant's e-check station in Euclid, Ohio.

13. On July 18, 2019, Plaintiff emailed Righi and Pickett: "[Leavy's] early death seems to have resulted from an asthma attack. Many in East Cleveland and surroundings are afflicted with asthma, which is thought to be strongly associated and certainly exacerbated by vehicular air pollution."

14. In or about August 2019, Plaintiff again complained about the dangerous carbon monoxide emissions to Pickett. In response, Pickett advised Plaintiff to simply "run the fans" to clear out the dangerous carbon monoxide emissions from the breathable atmosphere of employees. When Plaintiff expressed his opinion that running the fans would be insufficient to protect employees from danger, Pickett dismissed Kiparski from the meeting.

15. Leavy's death, combined with Pickett's disregard for Plaintiff's safety concern, compelled Plaintiff to investigate the CO meters and exposure levels of carbon monoxide at the e-check stations where he worked in December 2019.

16. Plaintiff observed that the CO meters were outdated and were not properly reflecting that carbon monoxide emissions were exceeding safety levels for the breathable atmosphere of employees.

17. Defendant's failure to maintain functional CO meters at e-check stations that properly reflected safe carbon monoxide emissions in the breathable atmosphere of employees was a serious and willful criminal violation under Ohio Revised Code Chapter 3704.

18. Plaintiff reasonably believed that Defendant's violation was a criminal offense under 29 U.S.C. Section 666 or Ohio Revised Code Section 3704.99 and that Defendant's violation had caused the death of Leavy and was likely to cause an imminent risk of physical harm to persons, a hazard to public health or safety, or a felony.

19. Plaintiff's oral and written complaints to Defendant provided sufficient detail to identify and describe the violation; however, Defendant failed to correct the violation or make a reasonable and good faith effort to correct the violation within twenty-four hours of Plaintiff's complaints.

20. On March 4, 2020, Plaintiff submitted a written complaint to OSHA regarding dangerous carbon monoxide emissions at Defendant.

21. An OSHA investigator visited Defendant's facilities in response to Plaintiff's complaint, but OSHA did not find conclusively at that point in time that there were

dangerous carbon monoxide emissions because by then Envirotest had reduced "dynamic" emissions tests in compliance with the EPA. Additionally, OSHA could not complete a full investigation of the dangerous carbon monoxide emissions at that time due to the impact of COVID-19.

22. On March 13, 2020, Plaintiff took a medical leave of absence from work to recover from COVID-19.

23. On April 1, 2020, Plaintiff called Righi on the phone about returning to work.

24. Righi communicated Defendant's decision to terminate Plaintiff's employment during the phone call based on the pretext that Defendant had "revised staffing plans." However, Plaintiff explained to Righi that Defendant's contract with the EPA required Defendant to employ two RSD Operators. Righi then referenced the OSHA investigation as the basis for Defendant's termination decision by mentioning to Plaintiff that his position was allegedly no longer necessary since Defendant had reduced "dynamic" emissions tests.

25. Righi also warned Plaintiff not to complain to the EPA.

26. On June 8, 2020, OSHA sent a letter to Defendant with OSHA's determination that Defendant had, in fact, violated OSHA based on Plaintiff's complaint.

27. Defendant terminated Plaintiff in retaliation for his written and oral complaints about dangerous carbon monoxide emissions.

28. This Court has subject matter and personal jurisdiction over the claims raised in this Complaint.

29. Venue is proper in Geauga County, Ohio.

4

30. Plaintiff has suffered damages in excess of $25,000.

31. Plaintiff has hired the undersigned counsel and has agreed to pay them reasonable attorney's fees and costs if they are successful on one or more of the claims set forth herein.

## COUNT I
## RETALIATION IN VIOLATION OF THE OHIO WHISTLEBLOWER ACT

32. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 31 above.

33. In violation of Ohio Revised Code Section 4113.52, Defendant retaliated against Plaintiff in violation of the Ohio Whistleblower Act.

34. While working for Defendant, Plaintiff became aware of criminal violations, and Plaintiff reasonably believed that the violations were a criminal offense that was likely to cause an imminent risk of physical harm to persons, a hazard to public health or safety, or a felony.

35. Plaintiff complained about the violation orally and in writing to a supervisor or other responsible officer of the employer with sufficient detail to identify and describe the violation.

36. Plaintiff engaged in protected activity under Ohio Revised Code Section 4113.52.

37. Plaintiff suffered an adverse employment action when Defendant terminated Plaintiff.

38. There is a causal connection between Plaintiff's protected activity and termination.

39. Plaintiff has been damaged by Defendant's conduct.

## COUNT II
## WRONGFUL DISCHARGE

40. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 39 above.

41. A clear public policy prohibiting retaliation in violation of the Ohio Whistleblower Act exists in Ohio Revised Code Section 4113.52.

42. A clear public policy prohibiting a violation of air pollution exists in Ohio Revised Code Chapter 3704 and in 29 U.S.C. Sections 660 and 666.

43. Permitting Plaintiff's termination places in jeopardy the clear public policies set forth in Ohio Revised Code Sections 3704 and 4113.52, and 29 U.S.C. Sections 660 and 666.

44. Defendant's termination of Plaintiff was related to the clear public policies set forth in Ohio Revised Code Section 3704 and 4113.52, and 29 U.S.C. Sections 660 and 666.

45. Defendant lacked an overriding business justification for the discharge of Plaintiff.

46. Plaintiff has been damaged by Defendant's wrongful discharge.

47. Defendant's wrongful discharge is the cause of Plaintiff's damages.

48. Defendant acted with actual malice, entitling Plaintiff to punitive damages and attorney's fees and costs.

## COUNT III
## NEGLIGENT TRAINING, RETENTION & SUPERVISION

49. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 48 above.

50. Defendant had a duty to use due care in training, retaining, and supervising Righi and Pickett.

51. Defendant breached its duty to use due care in training, retaining, and supervising Righi and Pickett.

52. Plaintiff has been damaged by Defendant's failure to use due care.

53. Defendant's conduct is the cause of Plaintiff's damages.

## COUNT IV
## CIVIL ACTION FOR DAMAGES FOR CRIMINAL ACT

54. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 53 above.

55. Plaintiff brings this action pursuant to Ohio Revised Code Section 2307.60.

56. Pursuant to Ohio Revised Code Section 2307.60, anyone injured in person or property by a criminal act may recover full damages in a civil action.

57. Plaintiff has been injured by Defendant's criminal actions.

58. Defendant has commit4ed a criminal act pursuant to 29 U.S.C. Sections 660 and 666.

59. Defendant has committed a criminal act pursuant to Ohio Revised Code Section 2921.03 by intimidating a witness, namely Plaintiff by, inter alia, telling him not to talk to the EPA.

60. Defendant has committed a criminal act pursuant to Ohio Revised Code Section 2923.03 by aiding or abetting violations of OSHA statutes and regulations and Ohio statutes (such as Ohio Revised Code Chapter 3704) concerting air pollution.

61. Defendant acted with actual malice, entitling Plaintiff to punitive damages and is attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendants for his lost wages, reinstatement or front pay, lost fringe benefits, non-economic damages such as emotional pain, suffering, inconvenience, physical anguish, and loss of enjoyment of life, any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, and all other relief to which he is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Brad Levine
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Brad Levine, Esq.
Supreme Court No. 0090286
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
blevine@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*

**CERTIFIED MAIL**

FIRST-CLASS MAIL

Geauga County Clerk of Courts
100 Short Court - Suite 300
Chardon, OH 44024-1289



9414 7266 9904 2161 2066 09

neopost
10/02/2020
US POSTAGE $007.20



ZIP 44024
041L12203911

20M000547
9 414 7266 9904 2161 2066 09

ENVIROTEST SYSTEMS CORP
VIA REGISTERED AGENT
CORPORATION SERVICE COMPANY
50 WEST BROAD STREET SUITE 1330
COLUMBUS, OH 43215

E-FILED

RETURN RECEIPT REQUESTED
PLEASE FORWARD
LEGAL NOTICE

# 20M000547 GUNTRAM KIPARSKIS, RAMUTIS et al VS . ENVIROTEST SYSTEMS CORP CJP

- Case Type: OTHER CIVIL (M)
- Case Status: Open
- File Date: 09/04/2020
- Action: OTHER CIVIL
- Status Date: 09/04/2020
- Case Judge: PASCHKE, CAROLYN J
- Next Event:

**All Information** | Party | Docket | Financial | Receipt | Disposition

## Party Information

**GUNTRAM KIPARSKIS, RAMUTIS**
- PLAINTIFF

- Disposition
- Disp Date

Address
17750 GAR HWY
MONTVILLE, OH 44064

Alias

**Party Attorney**
- Attorney
- LEVINE, BRADLEY
- Address
- VOUDRIS LAW
- 8401 CHAGRIN RD SUITE 8
- CHAGRIN FALLS, OH  44023
- Phone
- (440)543-0670

**KIPARSKIS, RAMUTIS**
- PLAINTIFF

- Disposition
- Disp Date

Address

Alias

Party Attorney

**ENVIROTEST SYSTEMS CORP**
- DEFENDANT

- Disposition

Address

Alias

- Disp Date
-
-

VIA REGISTERED AGENT
CORPORATION SERVICE COMPANY
50 WEST BROAD STREET SUITE 1330
COLUMBUS, OH 43215

**Party Attorney**

### Docket Information

| Date | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|
| 09/04/2020 | DEPOSIT ON CIVIL CASE:   MADE BY  VOUDRIS LAW LLC / ATTY FOR PLNTF Receipt: 138461  Date: 09/04/2020 | $118.00 | |
| 09/04/2020 | INITIAL FILING FEES FOR CIVIL CASES  Receipt: 138461  Date: 09/04/2020 | $147.00 | |
| 09/04/2020 | COMPLAINT FOR RETALIATION IN VIOLATION OF THE OHIO WHISTLEBLOWER ACT WRONGFUL DISCHARGE NEGLIGENT TRAINING RETENTION & SUPERVISION AND DAMAGES FOR A CRIMINAL ACT FILED. JURY DEMAND ENDORSED HEREON<br>Attorney: LEVINE, BRADLEY (0090286) | $25.00 | Image |
| 09/08/2020 | SUMMONS AND COMPLAINT SENT<br><br>SUMMONS - CIVIL - FX<br>Sent on:  09/08/2020  09:29:50.86 | $6.00 | Image |
| 09/23/2020 | Unclaimed Tracking:F000002814 Fedex Tracking:396588321367 | | |
| 09/24/2020 | UNSUCCESSFUL SERVICE - NOTICE OF FAILURE OF SERVICE SENT TO ATTY BRADLEY LEVINE RE: ENVIROTEST SYSTEMS CORP<br>(N) NOTICE OF FAILURE OF SERVICE<br>Sent on:  09/24/2020  09:18:47.83 | $6.55 | Image |
| 10/01/2020 | INSTRUCTIONS FOR SERVICE FILED. (CERTIFIED MAIL)<br>Attorney: LEVINE, BRADLEY (0090286) | | Image |
| 10/01/2020 | SUMMONS AND COMPLAINT RESENT | $6.00 | Image |
| 10/01/2020 | Issue Date:  10/01/2020<br>Service:  SUMMONS WITH COMPLAINT<br>Method:  CERTIFIED MAIL - CP<br>Cost Per:  $11.00<br><br>  ENVIROTEST SYSTEMS CORP<br>  VIA REGISTERED AGENT<br>  CORPORATION SERVICE COMPANY<br>  50 WEST BROAD STREET SUITE 1330<br>  COLUMBUS, OH   43215<br>  Tracking No: 9414726699042161206609 | $11.00 | Image |

| Date | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|
| 10/13/2020 | SUCCESSFUL SERVICE - ENVIROTEST SYSTEMS CORP<br>Method   : CERTIFIED MAIL - CP<br>Issued    : 10/01/2020<br>Service   : SUMMONS WITH COMPLAINT<br>Served    : 10/07/2020<br>Return    : 10/13/2020<br>On         : ENVIROTEST SYSTEMS CORP<br>Signed By : DEANNA E SCHAUSELL<br><br>Reason    : SUCCESSFUL SERVICE<br>Comment  :<br><br>Tracking #: 9414726699042161206609 | | Image |

### Financial Summary

| Cost Type | Amount Owed | Amount Paid | Amount Adjusted | Amount Outstanding |
|---|---|---|---|---|
| CONVENIENCE FEE - PAYPAL | $8.22 | $8.22 | $0.00 | $0.00 |
| COST | $216.55 | $147.00 | $0.00 | $69.55 |
| Total | Total $224.77 | Total $155.22 | Total $0.00 | Total $69.55 |

- ### Money on Deposit with the Court

| Account | Applied Amount |
|---|---|
| OPEN ITEMS | $0.00 |
| Total | Total $0.00 |

### Receipts

| Receipt Number | Receipt Date | Received From | Payment Amount |
|---|---|---|---|
| 138461 | 09/04/2020 | Bradley Levine | $273.22 |
| Total | Total | Total | Total $273.22 |

### Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| UNDISPOSED | | PASCHKE, CAROLYN J |