**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Ramutis Guntram Kiparskis,** | ) | **CASE NO. 1:20 CV 2485** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Envirotest Systems Corp.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon plaintiff's Motion to Remand (Doc. 6). The issue is whether the amount in controversy requirement has been met. For the following reasons, the motion is GRANTED.

### Facts

Plaintiff Ramutis Guntram Kiparskis filed his Complaint against defendant Envirotest Systems Corp. in the Geauga County Common Pleas Court. Defendant removed the case to this Court on the basis of diversity jurisdiction.

1

Plaintiff's Complaint[1] alleges that he was employed by defendant which facilitates vehicle emissions testing at e-check stations in Ohio. Plaintiff complained to defendant orally and in writing that the ventilation at e-check stations was not sufficient to protect employees from dangerous carbon monoxide emissions and that it failed to maintain properly functioning carbon monoxide meters. When defendant failed to correct these violations, plaintiff complained to OSHA. Ultimately, defendant terminated plaintiff in retaliation for his written and oral complaints about dangerous carbon monoxide emissions.

Plaintiff alleges that he has suffered damages in excess of $25,000. Four Claims are asserted. Count One alleges retaliation in violation of Ohio's whistleblower act. Count Two alleges wrongful discharge. Count Three alleges negligent training, retention, and supervision. Count Four alleges a civil action for damages of a criminal act. Plaintiff alleges that defendant acted with actual malice, entitling him to punitive damages and attorney's fees and costs. The Complaint "demands judgment against defendants for [plaintiff's] lost wages, reinstatement or front pay, lost fringe benefits, non-economic damages such as emotional pain, suffering, inconvenience, physical anguish, and loss of enjoyment of life, any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, postjudgment interest, attorney's fees and costs, and all other relief to which he is entitled."

This matter is now before the Court upon plaintiff's Motion to Remand.

**Discussion**

---

[1] Plaintiff filed an Amended Complaint on the day before he sought remand, but the Court considers only the original Complaint because "diversity is measured at the time of removal." *Total Quality Logistics, LLC v. Summit Logistics Grp., LLC*, 2020 WL 6075712 (S.D. Ohio Oct. 14, 2020) (citations omitted).

It is undisputed that the instant parties meet the citizenship requirement of 28 U.S.C. § 1332(a). Plaintiff, however, challenges the amount in controversy threshold.

A civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). A federal district court has original diversity jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. 1332(a). Upon removal, a defendant bears the burden of proving diversity jurisdiction. *Rogers v. Wal–Mart Stores,* Inc. 230 F.3d 868, 871 (6th Cir.2000) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

> Where the plaintiff is not required to state a specific amount of damages in the complaint, as in Ohio, the defendant must prove that it is more likely than not that plaintiff's claims meet the federal amount in controversy requirement. *See Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir.1993). The ability to make such proof is determined by whether the defendant could have ascertained from "a fair reading of the complaint or other papers filed" that the minimum jurisdictional amount existed. *McCraw v. Lyons*, 863 F.Supp. 434, 432 (W.D.Ky.1994).

*Manor Care-Belden Village of Canton, Ohio v. Johnson,* 2015 WL 1119769 (N.D.Ohio March 11, 2015) (citing *M.D. v. Advanced Medical Optics, Inc*. 2009 WL 1314754, at *1 (N.D.Ohio 2009) and 28 U.S.C. § 1446(c)(2)(B)). "Normally, 'the sum claimed by the plaintiff[s] controls,' but where plaintiffs seek 'to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000" *Id.* (citing *Everett v. Verizon Wireless, Inc*., 460 F.3d 818, 822 (6th Cir.2006) (citing *Gafford v. Gen. Elec. Co.* , 997 F.2d 150, 155 (6th Cir.1993)). The defendant must "affirmatively come forward with competent proof showing that the amount-in-controversy requirement is satisfied" by a

preponderance of the evidence. *Everman v. Grange Property & Casualty Insurance Co.*, 2020 WL 6729285 (E.D.Ky. Nov. 16, 2020) (citations omitted).

> Preponderance of the evidence "is not a daunting burden," but it "still requires evidence." *Warren v. Sheba Logistics, LLC*, 2016 WL 1057322, at *2, 2016 U.S. Dist. LEXIS 32097, at *4 (W.D. Ky. Mar. 14, 2016). That evidence can come from many sources, including a fair reading of the complaint if it contains "clear allegations ... that the case involved a sum well in excess of the $75,000 minimum." *Crimaldi v. Pitt Ohio Express, LLC*, 185 F. Supp. 3d 1004, 1008 (N.D. Ohio 2016); *see also Total Quality Logistics, LLC v. Franklin*, 2020 WL 5051418, at *5 (S.D. Ohio Aug. 27, 2020)... Whatever evidence a party seeking removal might rely on, however, "[m]ere speculation is insufficient." *Terry v. Phelps KY Opco, LLC*, 2020 WL 2500306, at *2 (E.D. Ky. Apr. 20, 2020) (citations omitted). Rather, the party must adduce "competent proof that shows the amount in controversy requirement is satisfied." *Id.*

*Total Quality Logistics, LLC, supra.*

Defendant argues that the amount in controversy exceeds $75,000 as shown by "the plain facts" set forth in the Complaint. (Doc. 10 at 5). Defendant points out that plaintiff's Complaint asserts four claims which seek economic damages, non-economic damages, reinstatement, attorneys' fees, punitive damages, and costs. Consequently, it is reasonable to believe that plaintiff's damages amount, when considered as a whole, is more likely than not to exceed the $75,000 threshold amount if he were to be awarded the maximum amount of non-economic damages, and more given that he is seeking punitive damages and attorneys' fees. Finally, defendant maintains that plaintiff's post-Complaint assertions are non-availing.

Initially, the Court agrees with defendant that plaintiff's allegation in his Amended Complaint that plaintiff "has suffered damages in an amount less than $75,000" (Doc. 5 at ¶ 32) will not defeat diversity jurisdiction. "Because jurisdiction is determined as of time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction under the diversity statute." *Rogers v. Wal–Mart Stores,* Inc. 230 F.3d 868, 871 (6th Cir.2000).

Plaintiff additionally submits a pre-Complaint email wherein his counsel offered to settle the case for $25,000. (Doc. 6 Ex. A). Defendant maintains that settlement demands are not persuasive given that parties offer and accept amounts significantly below the amount in controversy in order to avoid costs of going to trial. This may be true but defendant also states that plaintiff "offers no evidence whatsoever beyond" the allegation in his Amended Complaint and his "pre-suit settlement demand." (Doc. 10 at 4). However, it is not plaintiff's burden to present this evidence, but defendant's. The Court finds that defendant has failed to do so.

Defendant relies only on its "mere speculation" based on the allegations of the Complaint and not "competent proof." Other courts have noted that "[i]n deciding whether the amount in controversy has been satisfied, the district court may weigh the evidence presented to determine whether jurisdiction exists. Evidence may include party affidavits, demand in a prior action which is based on the same events as the present action, and pretrial testimony that plaintiff's claims for backpay would exceed the amount in controversy requirement." *Richmond v. Populous Group, LLC,* 2005 WL 2338824 (N.D.Ohio Sept. 23, 2005) (citing *United States v. A.D. Roe Co.*, 186 F.3d 717, 722 n. 4 (6th Cir.1999), *Szalay v. Yellow Frieght Systerm, Inc.*, 999 F.Supp. 972, 974 (N.D.Ohio 1996)). Defendant has not presented any such evidence. Finally, defendant surmises that should plaintiff prove successful on his claims, it is reasonable that his claim for punitive damages and attorneys' fees will exceed the monetary threshold. Such conjecture has been rejected by other courts where, as here, there is no specific amount of compensatory damages alleged. "The Plaintiff's request for punitive damages similarly fails to support a determination that the requested damages exceed the jurisdictional amount. Absent a specification in the complaint as to the amount of punitive damages sought, the defendant

5

seeking to remove a case must prove facts sufficient to support federal jurisdiction." *Richmond v. Populous Group, LLC*, *supra* (citations omitted). For these reasons, defendant has failed to establish that it is more likely than not that the amount in controversy exceeds $75,000.

**Conclusion**

For the foregoing reasons, plaintiff's Motion to Remand is granted.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 1/13/21